ELIGHA STUART V. THE STATE.

No. 17333. Delivered March 13, 1935.
Rehearing Denied May 1, 1935.

The opinion states the case.

A. L. Lewis and King C. Haynie, both of Houston, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and his punishment was assessed at death.

The testimony adduced by the State showed that the appellant was the father of twin girls about four years of age; that their mother was dead at the time of the alleged offense; that on the 23rd day of July, 1934, he had delivered to him at his home a policy of insurance upon the life of Dortha, one of said twin children, payable to himself; that late in the afternoon of said date he took said child, Dortha, in a car and drove out to Spring Creek bridge, approximately 20 miles from the city of Houston, where he took the child under the bridge and held her head under the water with one hand while he choked her with the other until she was dead. He left the dead body in the creek, returned to the city, and made the statement that while he stopped at a sandwich shop and ate a sandwich someone kidnapped his child while she lay asleep in the car. The child was discovered in the creek the next morning by a game warden who reported it to the authorities. The appellant was

arrested and made a voluntary confession, giving a detailed statement of his movements, acts and conduct from the beginning to the end of the atrocious crime. He admitted killing the child in order that he might collect the insurance. At the trial he interposed the plea of insanity and adduced testimony in support thereof. The State combatted said testimony by laymen and alienists. The issue thus made was submitted to the jury by the court under appropriate instructions to which no objection was made by the appellant within the time prescribed by law. The issue thus raised was determined adversely to the appellant by the jury.

The appellant for the first time in his motion for new trial questions the sufficiency of the indictment, claiming that it is vague and does not put the defendant on notice of the character of offense with which he is charged. A careful examination of the same discloses that it charges every constituent element of the offense of murder and is not fundamentally erroneous as contended by the appellant.

The appellant next complains in his motion for new trial that the indictment charged two methods by which the defendant committed the homicide, and that the State did not elect upon which method it relied for a conviction. It is apparent from the record that appellant did not request that the State be required to elect upon which method it relied for a conviction; besides, the State by proof established the fact that the homicide was committed by the appellant by the methods alleged in the indictment. The appellant also contended that the evidence is insufficient to warrant his conviction. We can not agree with him in his contention. He made a voluntary confession in which he gave his movements and his conduct prior to, at the time of, and after the homicide, and the statements contained in his confession were found to be true and sustained by other testimony which we believe would have been sufficient independent of the appellant's confession to have sustained the conviction.

Although the appellant has no bills of exception in the record, we have examined the errors assigned in his motion for new trial because of the extreme penalty imposed upon him.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have again gone carefully over the testimony in the light of appellant's motion for rehearing, and in view of the extreme penalty inflicted upon appellant by the jury. The only question about which there could be difference of opinion would be whether appellant was sane or insane at the time he took the life of his little daughter. That he knew it was wrong to kill the child, seems shown by appellant's false reports about her death, his explanation of her disappearance by the rather clever claim that she had been kidnapped, and by his having taken out insurance upon her life shortly before she was killed, the insurance being in his favor, —and to some extent by his attentions to a woman whom he was not able to support, as well as by the testimony of most, if not all, of the witnesses on that point, who were not related to appellant. All of these disinterested witnesses seem to agree upon the proposition that appellant was not insane.

The motion for rehearing is overruled.

*Overruled.*